IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN STRINGER, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 21-0378-WS-MU |
| | ) |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, etc., | ) |
| | ) |
|    Defendant. | ) |

**ORDER**

This matter is before the Court on its *sua sponte* review of its subject matter jurisdiction. By previous order, the Court questioned whether the removing defendant has met its burden of demonstrating both the existence of complete diversity and the requisite amount in controversy. (Doc. 7). The Court granted the defendant an opportunity to file such supplemental materials as it deems adequate to sustain its burden of establishing subject matter jurisdiction, and the defendant has done so. (Doc. 13). Upon review, the Court concludes that the defendant's supplemental materials, in combination with its original filing, adequately demonstrate the existence of complete diversity of citizenship. However, the defendant has not shown "by a preponderance of the evidence that the amount in controversy more likely than not exceeds" $75,000, exclusive of interest and costs. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

The defendant's evidence establishes that the "certain underwriters" (or "Names") at issue are two in number. One of them carries 60% of the risk, and the other carries the remaining 40%. (Doc. 1 at 2; Doc. 13-1 at 2). The liability of each Name is thus several. *Underwriters at Lloyd's London v. Osting-Schwinn*, 613 F.3d 1079, 1083, 1091 (11th Cir. 2010). Therefore, the amount in controversy

requirement is satisfied only if the total amount in controversy exceeds $125,000, because only in that event will the amount in controversy as to the Name underwriting 60% of the risk exceed $75,000. *See id.* at 1092 n.7 (determining whether the amount-in-controversy requirement is met requires knowledge of how much risk each Name has assumed); *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1263 n.7 (11th Cir. 2000) (when defendants are not jointly liable, the amount in controversy is determined on a defendant-by-defendant basis).[1]

The complaint demands just under $55,000 in policy benefits. (Doc. 1-1 at 12). Under a bad faith claim, the complaint also demands emotional distress damages and punitive damages. (*Id*. at 14). The burden is thus on the defendant to show that the amount placed in controversy by the demand for emotional distress damages and punitive damages exceeds $70,000.

The defendant's notice of removal was inadequate to make this showing. In the first place, the defendant incorrectly assumed it needed to show a total amount in controversy of only $75,000, (Doc. 1 at 3), even though the actual figure, thanks to the several liability of the Names, is at least $125,000. In the second place, the defendant relied on a few cherry-picked cases to show that an award of soft damages could raise the amount in controversy above the jurisdictional threshold. (*Id*. at 2-4). The Court rejected this argument, noting that it shares the "pronounced judicial skepticism" of the Eleventh Circuit and sister courts regarding this approach. *Blount v. Coe Manufacturing Co*., 2020 WL 1866190 at *3 & n.5 (S.D. Ala. 2020).

In its supplemental filing, the defendant offers no new evidence of the amount in controversy. Instead, the defendant doubles down, insisting it is "facially apparent" from the complaint that the amount in controversy as to each Name exceeds $75,000. (Doc. 13 at 2). Clearly, however, it is not. Nothing in

---

[1] The Court assumes without deciding that, if the amount in controversy requirement is met as to one Name, jurisdiction would lie under Section 1367 as to the other.

the complaint describes the plaintiffs' emotional distress, and nothing in the complaint describes the defendant's conduct in denying their claim other than in glittering generalities that shed no light on the content and quality of their conduct. There is thus nothing in the complaint on which to base a non-speculative estimate of the magnitude of an award of emotional distress damages or punitive damages.[2]

For the reasons set forth above, this action is **remanded** to the Circuit Court of Baldwin County for lack of subject matter jurisdiction.

DONE and ORDERED this 30th day of September, 2021.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] Noting that Sally was a major hurricane that may have impacted members of the jury, (Doc. 13 at 2), does not remotely furnish a non-speculative basis for concluding that an award of soft damages would more likely than not exceed $70,000.